United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHAILA VALLADARES MATA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01459 |
| | § | |
| PAMELA BOND, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM & ORDER

On this day, the Court heard arguments on Petitioner Shaila Valladares Mata's Petition for

Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 7). At

the hearing, the Court **GRANTED** the Petition **IN PART** and **DENIED** the Motion for Summary

Judgment. Ms. Mata's Motions for Release (ECF Nos. 5 & 8) are **DENIED AS MOOT**.

### I. BACKGROUND

Shaila Valladares Mata is a 20-year-old citizen of Mexico.[1] ECF No. 1 at ¶ 8. She entered

the United States lawfully with a B1/B2 (tourist) visa with her family in 2015 when she was only

ten years old. *Id*. On November 21, 2025, Ms. Mata, along with her younger brother Jonathan,

were detained by ICE after a routine traffic stop. *Id*. at ¶ 9. They were placed in removal

proceedings, which are ongoing. *Id*. at ¶ 10. Brother and sister filed a joint petition for habeas

corpus on February 23, 2026. Because Ms. Mata's brother is detained outside the Southern District

of Texas, the Court granted Respondents' motion to transfer his case to the Eastern District of

---

[1] Respondents have not disputed the facts alleged in Ms. Mata's Petition.

1 / 6

Texas. *See* ECF No. 10 (Order to Transfer). Ms. Mata is detained in this district, so her case is properly before this Court.

Ms. Mata has extensive ties to the United States and Houston specifically, where she has lived since she was a child. ECF No. 1 at ¶ 8. Ms. Mata graduated from high school in 2023 and briefly attended Lone Star College in 2024, until she left for financial reasons. *Id*.; ECF No. 1, Ex. B. She hopes to return to college and eventually become a teacher. The bond packet which was submitted to the IJ contained letters from more than ten of Ms. Mata's friends and relatives, including a former high school teacher, speaking to her good moral character, warm temperament, and assimilation to American culture. *See* ECF No. 1, Ex. F. Ms. Mata's aunt, Alma Delia Alonso, is a U.S. citizen and was willing to act as a sponsor for Ms. Mata if she were released on bond, including helping to assure her attendance at future immigration court proceedings. *Id*. She has also filed a Form I-130 Petition for an Alien Relative on behalf of Ms. Mata's family, which is pending with USCIS. ECF No. 1, Ex. D.

Because Ms. Mata entered the United States lawfully, she is detained pursuant to 8 U.S.C. § 1226(a). As provided for in that statute, Ms. Mata timely requested a custody redetermination (commonly referred to as a bond hearing) before an Immigration Judge (IJ). The hearing was held on December 22, 2025. ECF No. 1 at ¶ 11. At the hearing, DHS acknowledged Ms. Mata's lack of criminal history and U.S. citizen sponsor, but argued that she was a flight risk because it was not clear what she had been doing since she left Lone Star College. *See* ECF No. 11, Ex. A (Transcript). When questioned by the IJ, Ms. Mata stated: "I went to college for one semester, and then I tried again like save money so I could still go to college and graduate, get a master's degree so I can become a teacher hopefully." *Id*. at 6-7. The IJ denied bond on the basis that Ms. Mata was a flight risk, adopting DHS' reasoning. ECF No. 1, Ex. H.

## II.   ANALYSIS

Ms. Mata argues that her prolonged detention under 8 U.S.C. § 1226(a) violates the due process clause. The Court agrees.[2]

Section 1226(a) "is silent as to what burden of proof applies in bond hearings and who bears that burden." *Hernandez-Lara*, 10 F.4th at 26. As the First Circuit explained in *Hernandez-Lara*, the Board of Immigration Appeals (BIA) previously "interpreted that silence as creating a presumption in favor of liberty pending removal proceedings." *Id*. In the 1990s, however, the Government adopted new regulations establishing a presumption of detention in the initial custody determination by the arresting officer. *See* 8 C.F.R. § 236.1(c)(2)-(8). Under those regulations, a noncitizen seeking release bears the burden of "demonstrat[ing] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id*. § 236.1(c)(8). In other words, the burden is on the noncitizen detained under section 1226(a) to prove to the immigration judge "that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara*, 10 F.4th 19 at 26.

At the hearing, the Court found that Petitioner's ongoing detention under 8 U.S.C. § 1226(a) violates Ms. Mata's due process rights under the balancing test laid out by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez*

---

[2] Respondents argue that the Court lacks jurisdiction to review an IJ's discretionary bond decision under 8 U.S.C. § 1226(e). But it is well settled that § 1226(e) does not preclude challenges to "the extent of the Government's detention authority under the statutory framework as a whole." *Jennings v. Rodriguez*, 538 U.S. 281, 295 (2018); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021) (holding that § 1226(e) did not preclude a due process challenge to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 850-51 (2d Cir. 2020) (same).

*v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020), in which the courts held that prolonged detention under § 1226(a) violates the due process clause under *Mathews*.

"[D]ue process 'applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.'" *Hernandez-Lara*, 10 F.4th at 29 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). The first *Mathews* factor, Ms. Mata's liberty interest, is weighty. *See Zadvydas*, 533 U.S. at 695 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). The second *Mathews* factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," is weaker here than in cases of mandatory detention, but still favors Ms. Mata. The risks of placing the burden on a detainee to prove that they are *not* a flight risk or danger are well known. The third *Mathews* factor, "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," is outweighed by the potentially erroneous and ongoing deprivation of Ms. Mata's liberty—especially given the high fiscal costs of detention.

Additionally, while the Government has an interest in detaining noncitizens in removal proceedings who pose a flight risk or danger to the community, it has no interest in detaining noncitizens who pose no such risks. Requiring a bond hearing at which the Government bears the burden of proof is therefore consistent with the Government's interest. *See Velasco Lopez*, 978 F.3d at 857 ("The irony in this case is that, in the end, all interested parties prevailed. The Government has prevailed because it has no interest in the continued incarceration of an individual who it cannot show to be either a flight risk or a danger to his community. Velasco Lopez has

4 / 6

prevailed because he is no longer incarcerated. And the public's interest in seeing that individuals who need not be jailed are not incarcerated has been vindicated."). Ms. Mata's case illustrates this principle. Ms. Mata has lived in the United States since the age of ten without incident. She has no criminal history and is by all accounts a strong student and valued member of her community. She has numerous family members in the United States, including her U.S. citizen aunt who is willing to act as a sponsor for her. While it is not for this Court to determine whether Ms. Mata presents a flight risk, a hearing at which the Government bears the burden to prove this by clear and convincing evidence will ensure that the Government is not needlessly detaining noncitizens who are neither flight risks nor dangers to the community.

Although Ms. Mata's detention, which has lasted over 150 days, is not yet as lengthy as the detention at issue in *Hernandez-Lara* and *Velasco Lopez* (ten months and fifteen months, respectively), there is every indication that her detention will continue for many months, if not years. *See Hernandez-Lara*, 10 F.4th at 29 ("The exact length of detention under section 1226(a) is impossible to predict and can be quite lengthy."); *Velasco Lopez*, 978 F.3d at 852 ("Absent release on bond, detention lasts through the initial removal determination proceedings (which themselves can take months or years) and all inter-agency and federal court appeals, even where an individual has prevailed and the Government appeals.").

The Court therefore **ORDERS** as follows:

1. Respondents must provide Ms. Mata with another bond hearing at which the burden of proof is on the Department of Homeland Security (DHS) to prove, by clear and convincing evidence, that Ms. Mata is a flight risk or danger to the community within **TEN (10) DAYS**, or else release Ms. Mata.

2.  Respondents are ordered to update the Court on or before May 8, 2026, on the status of the

   bond hearing and Petitioner's custody status.

   **IT IS SO ORDERED.**

   Signed at Houston, Texas on April 27, 2026.

                                                    Keith P. Ellison
                                                    United States District Judge